UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| HENRY COMPANY, LLC<br>Plaintiff,<br><br>v.<br><br>ROUND REAL ESTATE, LLC<br>Defendant. | Case No.: 2:23-cv-271 |

## PLAINTIFF, HENRY COMPANY, LLC'S COMPLAINT AGAINST DEFENDANT ROUND REAL ESTATE, LLC

### Parties

1. The Plaintiff, Henry Company, LLC ("Henry"), is a for-profit corporation organized under the laws of California.

2. The Defendant, Round Real Estate, LLC ("Round") is a for profit corporation with a principle place of business located in Vermont.

3. At all relevant times, Round owned a building located at 574 Depot Road in Colchester, Vermont. ("Property").

4. At all relevant times, Engineers Construction, Inc. ("ECI"), managed the property for Round.

5. At all relevant times, Round had a contract, a Warranty Agreement, with Henry, regarding roofing materials used at the Property.

6. The Henry product was a silicone that roofers spray on a roof to provide protection.

7. Specifically, Round had purchased a warranty on Henry materials used on the Property's roof.

8. Henry relied upon Round to comply with the Terms and Conditions in the applicable Warranty agreement.

{B1823557.1}

9. ECI and Round filed a lawsuit against two entities, within this court, an Amended Complaint, that includes a breach of warranty count as to Henry.

10. Certain Terms and Conditions were part of the warranty agreement between the parties to this lawsuit.

Specifically, Round agreed to the following:

> **Owner's Agreement:** Henry would not agree to assume the obligations contained in this Warranty in the absence of any of the limitations and exclusions contained herein. Therefore, (1) Owner's agreement to each and every term of this Warranty is an essential condition precedent to HENRY's obligations hereunder; (2) in the absence of such agreement by the Owner, the System is sold AS IS AND WITHOUT ANY EXPRESS OR IMPLIED WARRANTIES, INCLUDING OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE; (3) failure of any condition precedent herein shall discharge HENRY from all further obligation under this Warranty, and the disclaimer herein of any other warranties, conditions, and representations shall survive; and (4) by accepting or asserting any rights hereunder, **Owner irrevocably agrees to indemnify and hold harmless HENRY, its affiliates, successors, assigns, directors, officers, employees, and agents (each an "Indemnified Party") from and against all claims, expenses (including attorney's fees and expenses), losses, liabilities, and damages** in any way related to or arising from matters described in the section of this Warranty entitled "What this Warranty Does Not Cover", and all amounts paid in defense of the foregoing which may be imposed upon, incurred by or asserted against an indemnified Party by any person, firm, or entity.

(Emphasis added.) Henry's Warranty, p. 2, ¶ 10.

11. As alluded to above, ECI and Round filed a Complaint alleging breach of warranty as given Henry's alleged refusal to honor the warranty after the subject roof collapsed.

12. The experts in the underlying case agree that the roof collapse was not caused by any Henry product, but rather the failure of the underlying roof membrane, of which Henry was not involved.

13. Within the Henry warranty are terms and conditions related to what is and is not covered

by the warranty. Specifically, Round agreed to the following:

> **What This Warranty Does Not Cover:**
> **This Warranty is an agreement to perform certain repairs; it is not a warranty that the System will never leak or age** or to undertake responsibilities, liabilities, or obligations other than those specifically identified in the preceding section.
> The Authorized Contractor who installs the System is not a representative, agent, or employee of HENRY. HENRY therefore is not bound by any representations made by the Authorized Contractor. **HENRY is not responsible or liable for: (a) defects that are not in the System supplied by HENRY,** (b) removal or abatement of asbestos in or on the building, (c**) personal injury or property damage of any kind, even if arising from a breach of this Warranty. (d) damage to the building, its contents or components of the roof below the System, including mold, mildew, or interruption in the use of the building, (e) expenses associated with removal, excavation or replacement of other materials or building assemblies in connection with testing, repair, removal, or replacement of the System.** (f) repairs to or replacement of the System not authorized in writing by HENRY, (g) workmanship for the installation of building or roof components other than the System, (h) change in color or other aesthetic diminution, and (i) defects or damages to the System attributable to one or more of the following conditions…

(Emphasis added.) Henry's Warranty p. 1, ¶ 4).

14. The damages claimed by ECI and Round include damage to the items inside the Property, the expense of moving a solar array and reinstalling it, and the labor associated with both.

15. Prior to the filing of this Complaint, counsel for Henry sent a letter to Round notifying them of their agreed upon indemnification clause and need to enact it. Round has rejected the tender letter by failing to respond at all.

## COUNT I
### (Contractual Indemnification)

16. The Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 14 above.

17. The Plaintiff was free from any fault or negligence.

18. As a result of the alleged roof failure, Henry has been named as a Defendant in a lawsuit titled *Engineers Construction, Inc. and Round Real Estate, LLC v. Construction Contracting & Maintenance, LLC and Henry Company, LLC.* Docket No. 2:21-cv-239, pending in this court.

19. Any damages suffered by Round were caused by their own acts and the acts and/or omissions of Round's employees in the decisions regarding the ballast and roofing membrane and not by any acts and/or omissions of Henry.

20. Henry is entitled to contractual defense and indemnification by Round against any claims brought against Henry by the ECI and Round, related to the subject incident, pursuant to the applicable Warranty Agreement to which Round agreed to be bound.

WHEREFORE, the Plaintiff respectfully requests that this court order Round to indemnify Henry and hold Henry harmless in any and all claims being asserted against it by the Round and ECI. The Plaintiff further requests that the court award it compensatory and consequential damages, attorney's fees, interest, costs and other such relief as to which the court may find they are fairly entitled.

## COUNT II
### (Breach of Contract)

21. The Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 19 above.

22. Henry and Round entered into a warranty agreement relative to the product provided for the roof of the property.

23. The Warranty Agreement above was part of the aforementioned agreement.

24. Round has breached the agreement by failing to agree to defend and indemnify Henry against the Round and ECI's Complaint.

25. As a result of Round's breach, Henry has suffered monetary damages.

WHEREFORE, the Plaintiff respectfully requests that this court order Round to indemnify Henry and hold Henry harmless in any and all claims being asserted against it by the Round and ECI. The Plaintiff further requests that the court award it compensatory and consequential damages, attorneys' fees, interest, costs, and other such relief as to which the court may find they are fairly entitled.

## COUNT III
### (Declaratory Judgment)

26. The Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 28 above.

27. An actual controversy has arisen between the Plaintiff and the Defendant.

28. The rights, duties, status, and other legal relations of the Plaintiff and the Defendant are determinable by reference to the Warranty agreement and determination of these rights would terminate the controversy between them.

29. The claims, causes of action, and damages set forth in ECI and Round's complaint arose out of and occurred with respect to the decisions made by ECI and Round with respect to the roof at the property.

30. The alleged roof failure was not caused by Henry product.

31. Pursuant to the applicable Warranty Agreement, the Defendant has a legal duty to defend, indemnify, and hold harmless Plaintiff in this action.

WHEREFORE, the Plaintiff, Henry, requests that this Honorable court enter judgment pursuant to VT. STAT. ANN. tit. 12, § 4711, declaring that the Defendant, Round must defend,

indemnify, and hold harmless the Plaintiff, Henry, with respect to the claims in ECI and Round complaint, as required by the applicable agreement.

**The Plaintiff demands a trial by jury.**

THE PLAINTIFF,
HENRY COMPANY, INC.,
BY ITS ATTORNEYS,

DATE: July 27, 2023

*/s/ Victoria Taravella, Esq.*

Victoria Taravella, Esq. / Bar No.: 6022
Boyle | Shaughnessy Law, PC
46 Lincoln Corners Way, Suite 1
Woodstock, VT 05091
T: 802-255-2700
vtaravella@boyleshaughnessy.com